FILED
Aug 16, 2023
03:30 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Miguel Garcia Carrillo | ) | Docket No. 2021-06-1167 |
| | ) | |
| v. | ) | State File Nos. 800727-2022 |
| | ) | 800658-2021 |
| Carlos Sanchez Hurtado, et al. | ) | 800657-2021 |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Kenneth M. Switzer, Chief Judge | ) | |

---

## Affirmed and Remanded

---

In this interlocutory appeal, an intermediate contractor challenges the trial court's order compelling it to provide a panel of physicians to the injured worker of a subcontractor for authorized medical care. At an expedited hearing, evidence indicated that the injured worker's immediate employer had no workers' compensation insurance. Other contractors asserted that the injured worker's immediate employer was, himself, an independent contractor, and that the injured worker was, therefore, not eligible for workers' compensation benefits. At the close of the claimant's proof, one of the defendants moved for involuntary dismissal of the claimant's request for interlocutory relief, which the trial court declined to consider. The court concluded that an intermediate contractor, who acknowledged having workers' compensation insurance, was obligated to provide benefits to the employee of an uninsured subcontractor in accordance with Tennessee Code Annotated section 50-6-113. The intermediate contractor has appealed. We affirm the trial court's order and remand the case.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Pele I. Godkin and Judge Meredith B. Weaver joined.

Neil M. McIntyre, Nashville, Tennessee, for the appellants, Gilberto Cavazos and Hartford Underwriters Insurance Company

Dana S. Pemberton, Knoxville, Tennessee, for the appellee, Kosinski Properties, LLC

Kenneth D. Veit and Laura Bassett, Nashville, Tennessee, for the appellee, The Hartford Insurance Group, as insurer for Kosinski Properties, LLC

1

Miguel Garcia Carrillo, Nashville, Tennessee, appellee, pro se

Carlos Sanchez Hurtado a/k/a Carlos Rios, appellee, pro se

## Factual and Procedural Background

Miguel Garcia Carrillo ("Claimant") was working for a construction contractor, Carlos Sanchez Hurtado a/k/a Carlos Rios ("Rios"), on August 27, 2021, when he fell from the frame of a garage at a construction site. Claimant was transported to Skyline Medical Center, where he remained hospitalized from August 27, 2021, until September 2, 2021. Employee alleged he suffered a broken leg and broken arm as a result of this accident.[1]

After requesting but not receiving workers' compensation benefits, Claimant filed a petition for benefits in September 2021.[2] Ultimately, an expedited hearing was scheduled that included Claimant, Rios, an intermediate contractor identified as Gilberto Cavazos ("Cavazos" or "Appellant"), and a contractor identified as Kosinski Properties, LLC ("Kosinski").[3] Cavazos took the position that he had hired Rios as an independent contractor and that "[Tennessee Code Annotated section] 50-6-113 does not expressly apply to employees of independent contractors." For its part, Kosinski took the position that it was not Claimant's statutory employer and that Tennessee Code Annotated section 50-6-113 requires Claimant to present his claim "in the first instance" to the immediate employer or, if that is not successful, to "a more direct employer." Hartford asserted that its liability, as Kosinski's insurer, is "wholly separate from any policy held by . . . Gilberto Cavazos, regardless of whether the same insurer is implicated." It further asserted that, if Clamant is entitled to benefits, "a more directly-connected employer" and its insurer are responsible for the claim.

Prior to the hearing, Employee did not file any medical records or bills, any proof of restrictions preventing him from working, or any exhibits other than his Rule 72 declaration. During the expedited hearing, at the conclusion of Claimant's proof, Cavazos orally moved under Tennessee Rule of Civil Procedure 41.02 to dismiss "the current request before the court for expedited relief," which the court declined to

---

[1] The extent and nature of Claimant's alleged injuries are not at issue in the current appeal.

[2] At the time Claimant's initial petition was filed, he was represented by counsel. His attorney subsequently withdrew, and Claimant proceeded pro se. In February 2022, Claimant filed another petition in Spanish, which was translated by the Tennessee Language Center, indicating Claimant "slipped while working up high" and injured "both feet . . . , ankles and the hand."

[3] The Hartford Insurance Group ("Hartford"), represented separately in this matter, filed a position statement as the workers' compensation insurer of Kosinski Properties, LLC. In addition, the record indicates that Cavazos was insured by Hartford Underwriters Insurance Company ("Hartford Underwriters").

consider. Thereafter, the court concluded that the immediate employer, Rios, did not have workers' compensation insurance and that the intermediate contractor, Cavazos, was a statutory employer responsible for providing workers' compensation benefits pursuant to Tennessee Code Annotated section 50-6-113(a). It therefore ordered Cavazos to provide Claimant a panel of physicians. Cavazos and his insurer, Hartford Underwriters, have appealed.

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2022). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). The interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2022).

## Analysis

On appeal, Appellant presents three issues, which we restate as: (1) whether the trial court erred in declining to consider its motion to dismiss made pursuant to Rule 41.02 of the Tennessee Rules of Civil Procedure; (2) whether the trial court erred in ordering it to provide a panel of orthopedic specialists "when no request for current or future medical care was made"; and (3) whether the trial court erred in referring Appellant for investigation of possible penalties.[4]

---

[4] In his pre-hearing brief and notice of appeal, Cavazos also raised the issue of whether employees of independent contractors are eligible under Tennessee Code Annotated section 50-6-113 to seek benefits from general or intermediate contractors. That section provides, in part, that "[a] principal contractor, intermediate contractor[,] or subcontractor shall be liable for compensation to any *employee* injured while in the employ of any of the subcontractors of the principal contractor, intermediate contractor[,] or subcontractor." Tenn. Code Ann. § 50-6-113(a) (emphasis added). In *Clendening v. London Assurance Co.*, 336 S.W.2d 535 (Tenn. 1960), the Tennessee Supreme Court addressed this question directly and concluded, "[T]he general or principal contractor is liable for compensation for an injury . . . to any employee of his subcontractor, even though the latter was an 'independent contractor.'" *Id.* at 538

*Motion for Involuntary Dismissal*

Rule 41.02(2) of the Tennessee Rules of Civil Procedure provides a mechanism for a defendant to seek dismissal of the plaintiff's claim at the close of the plaintiff's proof. The rule provides, in pertinent part, as follows:

> After the plaintiff in an action tried by the court without a jury has completed the presentation of plaintiff's evidence, the defendant, without waiving the right to offer evidence in the event the motion is not granted, may move for dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief.

Tenn. R. Civ. P. 41.02(2). Here, at the close of Claimant's proof in a hearing seeking interlocutory relief, Cavazos orally made a motion under Rule 41.02 to dismiss "the current request before the court for expedited relief." In declining to consider Cavazos's motion for involuntary dismissal of the request for interlocutory relief, the trial court stated that such motions can only be filed in the context of a final compensation hearing, not an interlocutory hearing. Thus, we must address, as an issue of first impression, whether a trial court can consider a Rule 41.02(2) motion for involuntary dismissal in the context of an expedited hearing where the movant is seeking interlocutory relief.

Our review of case law reveals limited guidance on this issue. Although several cases discuss standards for considering a Rule 41.02 motion for involuntary dismissal in a workers' compensation case, none of those cases were in the context of an interlocutory hearing where the moving party was seeking dismissal only of the request for interlocutory relief. For example, in *Building Materials Corp. v. Britt*, 211 S.W.3d 706 (Tenn. 2007), the Tennessee Supreme Court addressed the defendant's Rule 41.02 motion for involuntary dismissal in circumstances where the employee's statute of limitations had allegedly expired. The Court explained, "When a motion to dismiss is made at the close of the plaintiff's proof in a non-jury case, the trial court must impartially weigh the evidence as though it were making findings of fact and conclusions of law after all the evidence has been presented." *Id.* at 711. This standard was also discussed by the Supreme Court's Special Workers' Compensation Appeals Panel:

---

(emphasis in original); *see also Stratton v. United Inter-Mountain Telephone Co.*, No Number in Original, 1984 Tenn. App. LEXIS 3065, at \*7 (Tenn. Ct. App. Aug. 2, 1984) ("[Tennessee Code Annotated section] 50-6-113 expands the scope of compensation coverage by allowing the employees of sub-contractors, who would otherwise be independent contractors, to recover compensation from their principal or intermediate contractor."). Cavazos did not argue this issue in his brief on appeal; thus, we consider the issue to have been waived. In addition, for purposes of this appeal, we need not address the arguments of Kosinski and Hartford that an injured employee of a subcontractor, whose immediate employer is uninsured, is statutorily obligated to seek benefits from the "most directly-connected" statutory employer before seeking benefits from the general contractor or other intermediate contractors.

In a non-jury case, when a motion to dismiss is made under Rule 41.02(2), the trial judge must impartially weigh and evaluate the evidence in the same manner as though it were making findings of fact at the conclusion of all of the evidence for both parties, determine the facts of the case, apply the law to those facts, and, if the plaintiff's case has not been made out by a preponderance of the evidence, the action should be dismissed. This standard is the same as would be applied by a trial court when ruling on the merits . . . .

*Aerostructures Corp. v. McGuire*, No. M2006-01797-WC-R3-WC, 2008 Tenn. LEXIS 33, at *14 (Tenn. Workers' Comp. Panel Feb. 12, 2008) (internal citation omitted).

One challenge in evaluating this issue hinges on the differences between procedures followed in judicial branch courts and the procedures established by the 2013 Workers' Compensation Reform Act ("Reform Act"). Although pre-reform courts regularly addressed an injured worker's entitlement to certain benefits at interlocutory hearings, those rulings were rarely appealed because such an appeal required the permission of the trial court and the appropriate appellate court under Tennessee Rule of Appellate Procedure 9 or the permission of the Supreme Court for an extraordinary appeal under Tennessee Rule of Appellate Procedure 10. Such permission is not needed for interlocutory appeals from the Court of Workers' Compensation Claims to the Appeals Board, which are as of right. *See* Tenn. Code Ann. § 50-6-217(a)(2).

In one such pre-reform case, however, the Tennessee Supreme Court offered some guidance. In *McCall v. National Health Corp.*, 100 S.W.3d 209 (Tenn. 2003), the Supreme Court granted permission to appeal under Rule 9 to address the standards a trial court must follow in considering an injured worker's interlocutory request for benefits. First, the Supreme Court concluded that "trial courts have the authority to initiate temporary workers' compensation benefits before a final adjudication of the employee's claim." *Id.* at 213. Second, the Court explained that "[w]hen deciding whether to initiate temporary benefits, the trial court must consider whether, from the record before it, the employee seeking benefits is likely to succeed on the merits of the claim." *Id.* at 214. The Court then concluded:

[T]he decision regarding evidentiary requirements is better left to the trial court. Therefore, if the trial court can determine whether benefits should be initiated based upon the record before it, no further inquiry is necessary. This holding does not prejudice either party, in that the trial court may reconsider its decision at the time of trial and the trial court's judgment is reviewable on appeal.

*Id.* We have previously concluded that this standard was essentially adopted by the General Assembly when it passed the Reform Act. *See McCord v. Advantage Human*

*Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *8-9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).

In consideration of the text of Rule 41.02(2) and prior decisions as noted above, we conclude that, in the context of an expedited hearing in which an employee seeks an interlocutory order compelling the provision of certain benefits, a defendant in the case can, at the close of the employee's proof, seek a ruling from the court as to whether the employee's evidence fails to support an interlocutory order for benefits. In so moving, the defendant does not waive its right to present evidence in the event the motion is denied, but it gives a defendant the opportunity to challenge the sufficiency of the employee's proof seeking interlocutory relief. If such a motion is granted, the court may deny the request for benefits, which is, in effect, a dismissal of the employee's claim *for interlocutory relief* akin to a dismissal pursuant to Rule 41.02(2). It is *not*, however, a dismissal of the employee's claim as a whole.[5]

We reiterate, however, that the standards of proof at an expedited hearing are not the same as the standards at a compensation hearing. *See McCord*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *8. When, as is the case here, the employee is seeking interlocutory relief, he or she must come forward with sufficient evidence indicating a likelihood of prevailing at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1). In the present case, Claimant offered uncontradicted testimony that he was working as an employee for Rios when he fell and that he was hospitalized and needed medication after being released from the hospital. Thus, as of the close of Claimant's proof, the evidence supported a finding that he sustained an on-the-job injury that resulted in the need for medical care. That evidence, alone, supports the court's order for a panel of physicians as required by Tennessee Code Annotated section 50-6-204(a)(3)(A) ("the employer *shall* designate a group or three (3) of more . . . physicians . . . from which the injured employee shall select one (1) to be the treating physician") (emphasis added); *see also* Tenn. Comp. R. & Regs. 0800-02-01-.06(1) ("Following receipt of notice of a workplace injury and the employee expressing a need for medical care, an employer *shall* . . . provide the employee a panel of physicians.") (emphasis added). Therefore, we conclude that even if the court erred in declining to consider Cavazos's challenge to the sufficiency of the evidence at the close of Claimant's proof, such error was harmless because the evidence submitted by Claimant was sufficient to support an order for a panel of physicians.

---

[5] Rule 41.02(1), which allows a trial court to dismiss "any claim against the defendant" for the plaintiff's failure to prosecute, was used recently in the context of an expedited hearing to dismiss an employee's claim for interlocutory relief when the employee came to the building where the courtroom was located but declined to appear in the courtroom for the expedited hearing. We affirmed, concluding the employee had offered no argument as to how the court abused its discretion in dismissing her request for interlocutory relief under Rule 41.02. *Claybrooks v. Insight Global, LLC*, No. 2020-06-0489, 2023 TN Wrk. Comp. App. Bd. LEXIS 24, at *12 (Tenn. Workers' Comp. App. Bd. May 30, 2023).

Next, Appellant argues that Claimant did not properly seek interlocutory relief because he did not make a "request for current or future medical care." This argument misconstrues an employer's obligations under Tennessee Code Annotated section 50-6-204 and applicable regulations. As noted above, an employer's obligation to provide a panel of physicians is triggered by two events: (1) the employer's receipt of notice of a workplace injury; and (2) the employee's expressing a need for medical care. Tenn. Comp. R. & Regs. 0800-02-01-.06(1). When those two events have occurred, an employer is obligated under Tennessee Code Annotated section 50-6-204(a) to initiate medical benefits by providing an appropriate panel of physicians unless it denies the occurrence of the alleged accident or asserts some other defense to the compensability of the claim. *See McCord*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *14.

Here, Claimant's unrefuted testimony was that he was working for Rios on a jobsite when he fell from the frame of a garage under construction.[6] Moreover, the certified translation of Claimant's February 2022 petition indicated that Claimant stated he "needs therapies and treatment." Thus, as of the date of the expedited hearing, Cavazos was aware Claimant reported a work-related injury and had expressed a need for medical care. Moreover, neither Rios nor Cavazos have denied the occurrence of the accident. Thus, we find this issue to be without merit.

*Penalty Referral*

Finally, Cavazos asserts the trial court erred in referring him for consideration of possible penalties for the failure to provide Claimant a panel of physicians, authorized medical treatment, or temporary disability benefits. Tennessee Code Annotated section 50-6-118 authorizes the Bureau of Workers' Compensation to assess certain penalties and to promulgate regulations to facilitate the penalty assessment process. Any Bureau employee, including judges on the Court of Workers' Compensation Claims, has the authority to refer a party for investigation and consideration of a possible penalty assessment. Tenn. Comp. R. & Regs. 0800-02-24-.03. Moreover, applicable regulations authorize Bureau employees designated by the Administrator to "accept information concerning possible non-compliance" for consideration of a penalty assessment. Tenn. Comp. R. & Regs. 0800-02-13-.03.

Further, Tennessee Code Annotated section 50-6-118(c) establishes the procedures for scheduling and conducting a contested case hearing to address the assessment of any such penalty, and it then provides that "[a]ny party assessed a penalty pursuant to this section shall have the right to appeal the penalty . . . pursuant to the Uniform

---

[6] Although some evidence in the record indicates that Rios had instructed Claimant not to climb to the roof of the garage, a defense of willful misconduct was not asserted or addressed at the expedited hearing.

Administrative Procedures Act." That Act, codified at Tennessee Code Annotated section 4-5-101 *et seq.*, provides that jurisdiction for judicial review of a "final decision in a contested case hearing" is vested in the Chancery Court "nearest to the place of residence of the person contesting the agency action," in the Chancery Court "nearest the place where the cause of action arose," or in the Chancery Court of Davidson County. Tenn. Code Ann. § 4-5-322(b)(1)(A)(ii). Conversely, however, Tennessee Code Annotated section 50-6-217(c) states that "[t]he decisions of the [W]orkers' [C]ompensation [A]ppeals [B]oard shall not be subject to judicial review pursuant to the Uniform Administrative Procedures Act."

In short, the statute and applicable regulations control the assessment of penalties described in Tennessee Code Annotated section 50-6-118. The decision to refer a party for investigation and possible penalty assessment is not subject to review by us. Moreover, the procedure for appealing the assessment of a penalty following a contested case hearing lies in Chancery Court, not before us. Thus, we are without jurisdiction to consider Cavazos's final issue.

## Conclusion

For the foregoing reasons, we affirm the trial court's order in all respects and remand the case. Costs on appeal are taxed to the appellant, Gilberto Cavazos.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Miguel Garcia Carrillo | ) | Docket No. 2021-06-1167 |
| | ) | |
| v. | ) | State File Nos. 800727-2022 |
| | ) | 800658-2021 |
| Carlos Sanchez Hurtado, et al. | ) | 800657-2021 |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Kenneth M. Switzer, Chief Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 16th day of August, 2023.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Miguel Garcia Carrillo | X | X | | X | carrillo1500angel@gmail.com<br>3834 Faulkner Dr.<br>Nashville, TN 37211 |
| Carlos Sanchez Hurtado a/k/a Carlos Rios | X | X | | | 335 Flora Maxwell Rd. Nashville, TN 37211 |
| Gilberto Cavazos and Hartford Underwriters Insurance Company | | | | X | nmcintire@howell-fisher.com |
| Kosinski Properties, LLC | | | | X | dana@stokeswilliams.com<br>carla@stokeswilliams.com |
| The Hartford Insurance Group | | | | X | kenny.veit@leitnerfirm.com<br>laura.bassett@leitnerfirm.com |
| Compliance Program | | | | X | WCCompliance.Program@tn.gov |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |


Matthew Keene
Acting Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-532-1564
Electronic Mail: WCAppeals.Clerk@tn.gov